IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LETHA J. BEATY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. _____ |
| V. ) | Jury Demand |
| ) | |
| JRN, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Letha Beaty files this Complaint for damages relating to and resulting from age discrimination in connection with her employment with JRN, Inc. ("JRN"). Plaintiff asserts a claim for discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. For her Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Columbia, Maury County, Tennessee.

2. Defendant JRN, Inc. is a Tennessee corporation having its principal place of business in Columbia, Maury County, Tennessee. Defendant operates Kentucky Fried Chicken restaurants throughout Middle Tennessee and employs plaintiff at its corporate office in Maury County, Tennessee. Defendant can be served with process through its registered agent, Harris A. Gilbert, 2525 West End Avenue, Suite 1500, Nashville, Tennessee 37203.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. The Court has and should exercise supplemental jurisdiction over plaintiff's state law claims.

4. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5. Plaintiff is 55 years of age.

6. Plaintiff is one of four non-management employees in defendant's Human Resources Department.

7. Two of the four non-management employees in defendant's Human Resources Department are 55 (plaintiff) and 59 years of age.

8. The remaining two of the four non-management employees in defendant's Human Resources Department are 31 and 25 years of age.

9. The four non-management employees in defendant's Human Resources Department each qualify for the administrative employee exemption from minimum wage and overtime pay set out in the Fair Labor Standards Act.

10. Notwithstanding the fact that all four non-management employees in defendant's Human Resources Department each qualify for the administrative employee exemption from minimum wage and overtime pay set out in the Fair Labor

Standards Act, defendant classifies its two younger employees as exempt and its two older employees (including plaintiff) as non-exempt under the Fair Labor Standards Act.

11. Defendant's exempt employees are provided more favorable pay and benefits, including long term disability insurance and unlimited sick time, than its non-exempt employees.

12. Defendant classified plaintiff and her 59 year old co-worker as non-exempt employees and denied them the same valuable benefits such as long term disability insurance and unlimited sick time because of their age.

13. Plaintiff repeatedly asked defendant why it was treating her less favorably than her younger coworkers, but defendant never gave plaintiff any reason for its actions.

14. Plaintiff has met all conditions precedent to the filing of this Complaint. Plaintiff filed a timely charge of discrimination alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). On August 16, 2010, the EEOC issued a Determination finding reasonable cause to believe that plaintiff was discriminated against and denied valuable benefits because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. The EEOC mailed Plaintiff's Notice of Suit Rights on April 28, 2011. Copies of the Determination and Notice are attached to this Complaint.

## Claim For Age Discrimination In Violation of Federal and Tennessee Law

15. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 14 herein.

16. Defendant denied plaintiff valuable employment benefits because

of her age.

17. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

18. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

19. As a result of its actions, defendant is obligated to make plaintiff whole for all losses she has incurred, included the value of all lost benefits, including pre-judgment interest.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An award of attorney's fees;

3. A jury for the trial of this action; and

4. Such other, further and general relief to which she may be entitled.

_____
Stephen W. Grace, TN 14867
1019 16th
Nashville, Tennessee 37212
(615) 255-5225
sgrace@sgracelaw.com
Attorney for Plaintiff