# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| LETHA J. BEATY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:11-cv-33 |
| V. | ) Judge Haynes |
| | ) Jury Demand |
| JRN, INC., | ) |
| | ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d)(2), counsel for the parties submit this proposed Initial Case Management Order.

1. **Status of Service of Process:** Service of process is complete.

2. **Status of Responsive Pleadings:** Defendant has filed an Answer to the Complaint.

3. **Jurisdiction and Venue:** The parties agree that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a) and that venue is proper in this Court.

4. **(a) Plaintiffs' Theory of the Case:** Defendant discriminated against Plaintiff based upon her age with regard to her pay and benefits, including long term disability insurance and sick time in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. Plaintiff has suffered damages as a result of Defendant's conduct.

**(b) Defendant's Theory of the Case:** Defendant denies that it has discriminated against the Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C.§621, et seq.

or the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. Defendant denies that plaintiff has suffered any damages as a result of any conduct by the Defendant.

5.  **Schedule of Pretrial Proceedings**

A.  **Rule 26(a)(1) Disclosures**

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  **Other Pretrial Matters**

As determined at the case management conference on Monday, June 13, 2011, this case is set for a jury trial on Tuesday, _June 5, 2012_, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, Friday, _June 1, 2012_. If a settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

2
Case 1:11-cv-00033 Document 7 Filed 06/08/11 Page 2 of 5 PageID #: 22

A pretrial conference shall be held on ~~May 21, 2012~~ at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference. All discovery shall be completed by the close of business on January 31, 2012.

All written discovery shall be submitted in sufficient time so that the response shall be in hand by October 31, 2011.

All discovery-related statements shall be filed by the close of business on February 15, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

The parties do not anticipate any issues pertaining to discovery of electronically stored information in this case.

All dispositive motions[1] shall be filed by the close of business on February 28, 2012, and any response thereto shall be filed by the close of business thirty days after the filing of the motion. Any reply shall be filed by the close of business on fifteen days after the filing of the response to the motion.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so would result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required with respect to Rule 56.01, Local Rules of Court (effective June 1, 2006), relating to motions for summary judgment.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006), shall govern.

By the close of business on September 30, 2011, the plaintiff shall declare to the defendant (not file with the Court) the identity of any expert witnesses and provide all of the information specified in Rule 26(a)(2)(B).

By the close of business on October 31, 2011, the defendant shall declare to the plaintiff (not file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on November 30, 2011. There shall not be any rebuttal expert witnesses. In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. Local Rule 39.01(c)(6)(c) (effective June 1, 2006) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED.

Entered this 13th day of June, 2011.

William J. Haynes, Jr.
United States District Judge